# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7255 | **DATE** | 3/1/2004 |
| **CASE TITLE** | MEDLINE INDUSTRIES, INC. vs. MEDLINE PRODUCTS CO., LTD. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff Medline Industries, Inc.'s prove-up [10-1] is approved in part. Medline Industries is awarded $100,000, reasonable attorneys' fees and costs. Medline Industries' requests for profits, treble damages, and prejudgment interest are denied. The determination of the amount of attorneys' fees and costs to be awarded is referred to the assigned magistrate judge for a report and recommendation. SEE REVERSE FOR DETAILS.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 1-BROWN number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 2 2004 date docketed | 14 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | GMA docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 3/1/2004 date mailed notice | |
| ✓ | Copy to ~~judge~~/magistrate judge. | | | |
| | CB courtroom deputy's initials | 04 FEB 30 AM 11: ? Date/time received in central Clerk's Office | PW mailing deputy initials | |

# ORDER

Medline Industries, Inc. ("Medline Industries") sued Medline Products Co., Ltd. ("Medline Products"). Specifically, Medline Industries brought claims for federal trademark infringement (Count I), cybersquatting (Count II), unfair competition (Count III), and dilution (Count IV) in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(d), 1125(a)(1), and 1125(c). Medline Industries also brought claims under the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.* (Count V). On December 18, 2003, the court granted Medline Industries' motion for entry of default. Pursuant to the court's order, Medline Industries filed its motion for prove-up on January 29, 2004. Medline Products fails to object.

The following facts are taken from Medline Industries' complaint and brief in support of its damages prove-up. Medline Industries manufactures and distributes health care supplies and services, including medical gloves. Medline Industries began using the mark "MEDLINE" in the 1960s, and holds registered federal trademarks. Medline Industries has amassed valuable goodwill in the mark and is widely recognized as providing high quality goods and services. Medline Products is a Thailand company that began manufacturing and exporting inferior medical gloves in direct competition with Medline Industries. To do so, Medline Products registered the Internet domain name of medline-pro.net, copied Medline Industries' product line, and infringed Medline Industries' mark. Medline Products' conduct deliberately attempts to trade on Medline Industries' goodwill and confuse consumers, attracting and diverting Internet users to its website for purposes of selling infringing goods. As a result, Medline Industries' sales and business relationships have been damaged.

Medline Industries requests $100,000 in statutory damages for Medline Products' violation of the cybersquatting provision of the Lanham Act. Section 1117(d) of the Act allows statutory damages between $1000 and $100,000 to be determined by the court, per domain name. Medline Products fails to respond to the allegation that it deliberately and with bad faith infringed Medline Industries' mark in order to deceive customers and to profit from Medline Industries' goodwill. Accordingly, the court finds $100,000 to be an appropriate award. *Mirage Resorts, Inc. v. Cybercom Productions*, et al., 228 F.Supp.2d 1141 (D. Nev. 2002) (award of $100,000 in statutory damages reasonable and just under § 1117(d) after defendant defaulted); *Aztar Corp. v. MGM Casino*, No. 00-833-A, 2001 WL 939070 (E.D. Va. 2001) (same).

Medline Industries also requests $18,361,590 under 15 U.S.C. § 1117(a), which provides for recovery of defendant's profits and treble damages for violations of 15 U.S.C. § 1125(a). To recover profits, Medline Industries needs to prove Medline Products' sales. However, Medline Industries has failed to proffer proof of sales. Instead, Medline Industries merely provides a Dun & Bradstreet report that states Medline Products' annual sales are $6,120,530. This is nothing more than unsubstantiated hearsay. In the absence of reliable evidence supporting the valuation of infringing sales, Medline Industries' request for profits, trebled in the amount of $18,361,590, must be denied.[1]

Finally, Medline Industries seeks reasonable attorneys' fees and costs. Section 1117(a) allows the court to award reasonable attorneys' fees to the prevailing party in "exceptional circumstances," which includes infringement that is "malicious, fraudulent, deliberate *or willful*." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994) (emphasis added). The complaint alleges that Medline Products' infringement was in "bad faith intent" and constituted "deliberate attempts to trade on [Medline Industries'] goodwill." Compl. ¶¶ 25-26. Because Medline Products defaulted, these allegations are deemed true and sufficient to establish the deliberate nature of Medline Products' conduct. Reasonable attorneys' fees are warranted in this case. Medline Industries is also entitled to its costs. 15 U.S.C. § 1117(a) ("the plaintiff shall be entitled . . . to recover . . . the costs of the action"). The determination of the amount of attorneys' fees and costs is referred to the assigned magistrate judge for a report and recommendation.

*/s/ Suzanne B. Conlon*

---

[1] Medline Industries' contention that annual sales may be trebled is also incorrect as a matter of law. *Thompson v. Haynes*, 305 F.3d 1369, 1380 (Fed. Cir. 2002) (court is not authorized to award three times the profits proved under 15 U.S.C. § 1117(a) because only damages may be trebled).